IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Trinity River Resources, LP | ) | Case No. 16-10472 |
| | ) | |
| Debtors | ) | |
| | ) | |
| | ) | |
| TRINITY RIVER RESOURCES, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 17-01090-tmd |
| | ) | |
| MATTHEW J. TELFER, BBX OPERATING, LLC, KODIAK RESOURCES, INC., BORDER TO BORDER EXPLORATION, LLC, BORDER TO BORDER #1, LP AND JOHN GAINES | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

Matthew J. Telfer, BBX Operating, LLC, Kodiak Resources, Inc., Border to Border Exploration, LLC, Border to Border #1, LP and John Gaines (collectively and, as appropriate in the context, individually "Defendants") and serves their Answer to Plaintiff's First Amended Complaint for Avoidance and Recovery of Preferential Transfers, Fraudulent Transfers, Breach of Fiduciary Duties, Aiding and Abetting Breach of Fiduciary Duties, Unjust Enrichment, Denuding of Corporate Assets, Equitable Subordination and Objection to and Disallowance of Claims (the "Complaint"), and Jury Demand:

1. Paragraph 1 is a statement of position which Defendants need not admit nor deny. To the extent necessary, Defendants deny the allegations contained in that paragraph.

1

2. Paragraph 2 is a statement of position which Defendants need not admit nor deny. To the extent necessary, Defendants deny the allegations contained in that paragraph.

3. Defendants admit the allegations contained in paragraph 3.

4. Defendants admit that Telfer's primary residence is in Travis County.

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

10. Paragraph 10 is a legal assertion which Defendants need not admit nor deny.

11. With respect to paragraph 11, Defendants admit that the District Court has original jurisdiction over the matters set forth in this adversary proceeding pursuant to 28 U.S.C. §1334, which are referred to this Court by standing order.

12. With respect to paragraph 12, Defendants note that certain are the matters contained herein are core proceedings; however not all causes of action contained herein are core proceedings. Specifically, only the causes of action for recovery of preferential transfers and fraudulent conveyances, equitable subordination and the claims objections, constitute core proceedings. Defendants do not consent to entry of final orders and/or judgment by this Court.

13. Defendants admit that venue is proper in the Western District of Texas.

14. Defendants admit the allegations contained in paragraph 14.

15. Defendants admit the allegations contained in paragraph 15.

16. With respect to paragraph 16, Defendants refer the Court to the Independent Manager Order for the best evidence of its terms.

17. Paragraph 17 is a statement of position, which Defendants need not admit nor deny.

18. With respect to paragraph 18, Defendants admit that the Order referenced in that paragraph was entered, and refers the Court to that Order for the best evidence of its terms.

19. With respect to paragraph 18, Defendants admit that the Order referenced in that paragraph was entered, and refers the Court to that Order for the best evidence of its terms.

20. With respect to paragraph 20, Defendants admit that the Debtor was established in 2010 and was an affiliate of BBX, B2B and Kodiak. Defendants further admit that the Debtor was engaged in the acquisition, development and operation of oil and gas properties in certain counties in East Texas. Defendants otherwise deny the allegations contained in paragraph 20.

21. With respect to paragraph 21, Defendants admit that Debtor did not operate any of the Properties. Defendants otherwise deny the allegations contained in paragraph 21.

22. Defendants admit the allegations contained in the third sentence of paragraph 22, but otherwise deny the allegations contained in that paragraph.

23. Defendants admit the allegations contained in paragraph 23, except Defendants deny that B2B's role as Manager was the basis for the Debtor having no employees.

24. Defendants deny the allegations contained in paragraph 24 as worded, except Defendants admit that Kodiak acted as nominee pursuant to certain oil and gas lease acquisition agreements.

25. Defendants admit the allegations contained in paragraph 25.

26. With respect to paragraph 26, Defendants admit the allegations contained in the third sentence, and admit that Telfer served as Manager of the Debtor's general partner. Defendants otherwise deny the allegations contained in paragraph 26.

031731-62584/4839-7682-6463.1

27. Defendants admit the allegations contained in the first two sentences of paragraph 27, but otherwise deny the allegations contained therein.

28. With respect to paragraph 28, Defendants admit that the debt owed by the Debtor was secured by liens and security interests on real and personal property of the Debtor. Defendants deny the allegations contained in the first sentence of paragraph 28.

29. With respect to paragraph 29, Defendants admit that the Debtor was formed in 2010, but otherwise deny the allegations contained in that paragraph, except that Defendants admit that the Debtor entered the OSA dated November 23, 2010.

30. Defendants admit the allegations contained in paragraph 30.

31. With respect to paragraph 31, Defendants admit the allegations contained in that paragraph, except for the allegations contained in the parenthetical.

32. With respect to paragraph 32, Defendants admit that Telfer executed the Contribution Agreement, but otherwise deny the allegations contained in that paragraph.

33. With respect to paragraph 33, Defendants admit that the Debtor and GP entered the OSA, on the advice of Debtor's counsel, and admit that the OSA was amended in January 2014.

34. With respect to paragraph 34, Defendants admit the allegations contained in the first sentence, except that they note that Telfer executed these agreements on advice of counsel. Defendants otherwise deny the allegations contained in paragraph 34.

35. With respect to paragraph 35, Defendants admit the allegations contained therein, and that the agreements referenced were entered by the Debtor on advice of counsel.

36. With respect to paragraph 36, Defendants admit the allegations contained therein, and that the agreements referenced were entered by the Debtor on advice of counsel.

37. With respect to paragraph 37, Defendants admit that Telfer signed the OSA on advice of counsel, but otherwise deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. With respect to paragraph 42, Defendants admit that B2B charged lower Management Fees to certain other entities, but otherwise deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants admit the allegations contained in paragraph 45.

46. With respect to paragraph 46, Defendants deny that the OSA required Seismic Rights and lease hold interests to be under the name of the Debtor.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

55. Defendants deny the allegations contained in paragraph 55.

031731-62584/4839-7682-6463.1

56. Defendants deny the allegations contained in paragraph 56.

57. Defendants deny the allegations contained in paragraph 57.

58. With respect to paragraph 58, Defendants admit that the referenced email contains the quoted language, but otherwise deny the allegations contained therein.

59. With respect to paragraph 59, Defendants admit that the referenced email contains the quoted language, but otherwise deny the allegations contained therein.

60. With respect to paragraph 60, Defendants admit that the referenced email contains the quoted language, but otherwise deny the allegations contained therein.

61. Defendants deny the allegations contained in paragraph 61.

62. Defendants deny the allegations contained in paragraph 62.

63. Defendants deny the allegations contained in paragraph 63.

64. Defendants deny the allegations contained in paragraph 64, except for the allegations contained in the second sentence of that paragraph, except that Defendants deny that GeoSouthern is the second largest working interest owner in the properties.

65. Defendants deny the allegations contained in paragraph 65.

66. Defendants deny the allegations contained in paragraph 66.

67. With respect to paragraph 67, Defendants deny the allegations contained in the first sentence. Defendants admit that BBX incurred reasonable costs for the benefit of the Debtor and other participants related to Turkey Creek #1 prospect. Defendants otherwise deny the allegations contained in that paragraph, except that Defendants note that BBX did seek reimbursements from all participants.

68. Defendants deny the allegations contained in paragraph 68.

69. Defendants deny the allegations contained in paragraph 69.

70. Defendants deny the allegations contained in paragraph 70, except that Defendants admit that the transfers were comprised of a variety of payments.

71. With respect to paragraph 71, Defendants admit that Telfer received a distribution of $1.8 million, but otherwise deny the allegations contained in that paragraph.

72. Defendants deny the allegations contained in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73.

74. With respect to paragraph 74, Defendants deny the allegations contained in that paragraph, except that Defendants admit that the Debtor entered certain Forbearance Agreements with its lenders, and that the lenders provided a notice of intent to accelerate in November 2015. The Defendants are unable to admit nor deny the allegations contained in that last sentence of paragraph 74.

75. With respect to paragraph 75, Defendants admit that the Debtor retained Scotia on a pre-petition basis, and that the Debtor consummated sale of substantially all of its assets to an affiliate of Zarvona for an amount less than the Debtor's debt obligations, but otherwise deny the allegations contained in that paragraph.

76. Defendants deny the allegations contained in paragraph 76.

77. Defendants admit the allegations contained in paragraph 77.

78. Defendants admit the allegations contained in paragraph 78.

79. Defendants admit the allegations contained in paragraph 79.

80. Defendants admit the allegations contained in paragraph 80.

81. Defendants admit the allegations contained in paragraph 81.

82. Defendants admit the allegations contained in paragraph 82.

83. Defendants admit the allegations contained in paragraph 83.

031731-62584/4839-7682-6463.1

84.  Defendants admit the allegations contained in paragraph 84.

85.  Defendants admit the allegations contained in paragraph 85, but deny any liability.

86.  Defendants admit the allegations contained in paragraph 86, but deny any liability.

87.  Defendants admit the allegations contained in paragraph 87, but deny any liability.

88.  Defendants admit the allegations contained in paragraph 88, but deny any liability.

89.  Defendants deny the allegations contained in paragraph 89.

90.  Paragraphs 90 - 197 consist of claims for relief asserted by Plaintiff. Defendants need not admit nor deny the claims for relief. With respect to any factual allegations set forth therein, Defendants deny such allegations, and specifically deny that Plaintiff is entitled to the relief requested.

### **Affirmative Defenses**

1.  Plaintiff's claims for recovery of preferential transfers are barred by (a) a substantially contemporaneous exchange for new value provided (b) the fact that the transfers were made in the ordinary course of business or financial affairs of the Debtor and the Defendants and/or were made according to ordinary business terms; and (c) Defendants' provision of subsequent new value to the Debtor.

2.  Plaintiff's claims are barred in whole or in part by the doctrine *in pari delicto*.

3.  Plaintiff's claims are barred in whole or in part by waiver, estoppel and/or laches.

4.  Plaintiff's claims are barred in whole or in part by the business judgment rule.

031731-62584/4839-7682-6463.1

5. Plaintiff's claims are barred in whole or in part by the fact that the transactions complained of were entered into by advice of counsel.

6. Plaintiff's claims are barred in whole or in part by Plaintiff's own breach of contract.

7. Plaintiff's claims are barred in whole or in part by the doctrine of offset.

8. Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

9. Plaintiff's claims are barred in whole or in part by ratification.

10. Plaintiff's claims are barred in whole or in part by mistake.

11. The alleged fraudulent transfers to Defendants were made and received in good faith and for value, and the recipients are entitled to the protections of 11 U.S.C. §548(c).

## JURY DEMAND

Defendants demand a trial by jury on all issues in this case which are triable by a jury.

WHEREFORE, based on the foregoing, Defendants request that upon final hearing Plaintiff take nothing by way of its claims, that Defendants recover their costs, that Defendants have such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

By: */s/ Mark C. Taylor*
    Eric J. Taube
    State Bar No. 19679350
    Mark C. Taylor
    State Bar No. 19713225
    Cleveland R. Burke
    State Bar No. 24064975
    100 Congress Avenue, Suite 1800
    Austin, Texas 78701
    (512) 685-6400
    (512) 685-6417 (FAX)
    eric.taube@wallerlaw.com
    mark.taylor@wallerlaw.com
    cleveland.burke@wallerlaw.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the above and foregoing has been served upon those parties receiving the Court's ECF e-mail notification, including counsel listed below on March 21, 2018:

Thomas A. Labuda
Duston K. McFaul
Sidley Austin LLP
1000 Louisiana Street, Suite 6000
Houston, Texas 77002

                                                   */s/ Mark C. Taylor*
                                                   Eric J. Taube/Mark C. Taylor