IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Trinity River Resources, LP | ) | Case No. 16-10472 |
| | ) | |
| Debtors | ) | |
| | ) | |
| | ) | |
| TRINITY RIVER RESOURCES, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 17-01090-tmd |
| | ) | |
| MATTHEW J. TELFER, BBX OPERATING, LLC, KODIAK RESOURCES, INC., BORDER TO BORDER EXPLORATION, LLC, BORDER TO BORDER #1, LP AND JOHN GAINES | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE REGARDING JURY DEMAND

TO THE HONORABLE TONY DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Matthew J. Telfer, BBX Operating, LLC, Kodiak Resources, Inc., Border to Border Exploration, LLC, Border to Border #1, LP and John Gaines (collectively and, as appropriate in the context, individually "Defendants") file this Reply to Plaintiff's Response Regarding Jury Demand, as follows:

1. In its Response, Plaintiff essentially asserts that all claims except for the breach of fiduciary duty claims against Defendants Telfer and Gaines are not subject to a jury trial right. Plaintiff's stance misinterprets the case law and the right to a jury trial in specific actions.

2. First, Plaintiff cites no case law for the proposition that a court has denied a jury trial right in an action for denuding. In fact, such causes of action have been tried before a jury in

1

Texas, which is the law governing this claim. *See, e.g., Menetti v. Chavers,* 974 S.W.2d 168 (Tex. App. — San Antonio 1998).

3. With respect to claims which this Court finds are "equitable" and for which Plaintiff alleges no jury trial right attaches, the underlying factual issues which give rise to the equitable causes of action must be tried before a jury where a party has requested a jury trial. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479-80, 82 S. Ct. 894 (1962); *Vetter v. McAtee,* 850 F.3d 178, 186 (5th Cir. 2017); *Sauceda v. Kerlin*, 164 S.W.3d 892, 926 (Tex. App. – Corpus Christi 2005).

4. <u>Anadarko Claims</u>. Plaintiff asserts the "Anadarko Claims" against BBX Operating, LLC. These claims, as admitted in the First Amended Complaint (and is apparent from the attached "Anadarko Complaint"), involves claims for breach of contract, violation of the Texas Natural Resources Code, conversion, unjust enrichment, and recovery of attorneys' fees. With the possible exception of unjust enrichment (and for which the underlying factual issues must be determined by a jury), each of these is a state law cause of action to which a right to jury trial would attach. These claims arise from the relationship between Anadarko and BBX. Although BBX has filed a Proof of Claim, BBX is entitled to a jury trial on these claims because they do not bear upon the "allowance or disallowance of claims." *See, e.g., Germain v. Connecticut National Bank*, 980 F.2d 1323, 1329 (2nd Cir. 1993). *Mirant v. Southern Co.*, 337 B.R. 107, 121 (N.D. Tex. 2006); *Veldekens v. GE FHS Holdings, Inc. (In re Doctor's Hospital, 1997 L.P.)* 351 B.R. 813, 852 n. 33 (Bankr. S.D. Tex. 2006). Though Plaintiff attempts to define these claims as "counterclaims" to the proof of claim, these claims are nothing more than assigned claims from Anadarko that relate to issues other than those at issue in the proof of claim and avoidance actions.

5. Moreover, the fact that equitable claims may be joined with legal claims does not deprive Defendants of a right to a jury trial on the legal claims. *In re Jensen*, 946 F.2d 369, 372-73 (5th Cir. 1991).

6. There is no dispute that Defendants Telfer, Gaines and Border to Border #1, LP did not file proofs of claim and, accordingly, there is no "waiver" issue as to these Defendants.

7. Finally, with respect to the "core" or "non-core" analysis, other than the claims arising in or under Title 11 (fraudulent conveyance, preference, turnover and equitable subordination), the remainder of the claims are non-core claims which arise under state law and are definitively non-core. *See, e.g., Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 727-28 (Bankr. W.D. Tex. 2017).

                Respectfully submitted,

                WALLER LANSDEN DORTCH & DAVIS, LLP

                By: */s/ Mark C. Taylor*
                    Eric J. Taube
                    State Bar No. 19679350
                    Mark C. Taylor
                    State Bar No. 19713225
                    Cleveland R. Burke
                    State Bar No. 24064975
                    100 Congress Avenue, Suite 1800
                    Austin, Texas 78701
                    (512) 685-6400
                    (512) 685-6417 (FAX)
                    eric.taube@wallerlaw.com
                    mark.taylor@wallerlaw.com
                    cleveland.burke@wallerlaw.com

                ATTORNEYS FOR DEFENDANTS

031731-62584/4818-9597-5266.1

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing has been served upon those parties receiving the Court's ECF e-mail notification, including counsel listed below on April 12, 2018:

Thomas A. Labuda
Duston K. McFaul
Sidley Austin LLP
1000 Louisiana Street, Suite 6000
Houston, Texas 77002

                */s/ Mark C. Taylor*
                Eric J. Taube/Mark C. Taylor