**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Trinity River Resources, LP | ) | Case No. 16-10472 (TMD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TRINITY RIVER RESOURCES, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 17-01090 (TMD) |
| | ) | |
| MATTHEW J. TELFER, BBX OPERATING, | ) | |
| LLC, KODIAK RESOURCES, INC., BORDER | ) | |
| TO BORDER EXPLORATION, LLC, BORDER | ) | |
| TO BORDER #1, LP AND JOHN GAINES, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S STATEMENT IN RESPONSE TO COURT'S ORDER
REQUIRING STATEMENT REGARDING CONSENT**
**[In Response to Dkt. No 24]**

The TRR Liquidating Trust (the "Plaintiff") hereby files this statement in response to the Court's *Order Requiring Statement Regarding Consent* [Dkt. No. 24] and, in support thereof, respectfully states as follows:

1. Plaintiff previously filed a response to the *Defendants' Statement Regarding Jury Demand* [Dkt. No. 22] in accordance with Local Rule 9015(a)(2) on April 4, 2018 (the "Prior Filing"). *See Prior Filing* [Dkt. No. 25]. In the Prior Filing, Plaintiff addressed many of the matters set forth in the Court's order requiring statement regarding consent. Out of an abundance of caution, however, Plaintiff files this statement in response to the Court's order regarding consent and incorporates by reference the statements made in the Prior Filing.

2. In addition, Plaintiff reiterates that Defendant BBX Operating, LLC does not have a jury trial right on any of the "Anadarko Claims." Defendant BBX incorrectly states that these Anadarko Claims "do not bear upon the 'allowance and disallowance of [BBX's] claims'" and hence BBX has not waived any jury trial rights as a result of filing proofs of claim against the Debtor. *See Defendants' Reply to Plaintiff Response Regarding Jury Demand*, at ¶ 4 [Dkt. No. 27]. The Anadarko Claims, however, do bear on the claims allowance process. Specifically, Bankruptcy Code § 502(d) provides that the court shall disallow any claim of an entity from which property is recoverable under either the Chapter 5 avoidance actions <u>or</u> the Chapter 5 turnover provisions. *See* 11 U.S.C. § 502(d). As a result, BBX's proof of claims cannot be adjudicated absent resolution of the Plaintiff's turnover claims with respect to the Anadarko Claims. As shown by the Defendant's own cases, any portion of the Anadarko Claims that may have been legal in nature "have been converted to an issue in equity" – i.e., the debtor/creditor adjustment process and the determination of whether BBX is a "valid creditor" of the Debtor. *See Germain v. Connecticut National Bank*, 988 F.2d 1323, 1329 (2nd Cir. 1993).

3. Plaintiff also notes that BBX previously consented to the entry of final orders on the underlying Anadarko Claims in the prior adversary proceeding between Anadarko, BBX and the Debtor. *See Anadarko E&P Onshore LLC v. Trinity River Resources, LP et al.*, Adv. P. No. 16-01074, at ¶ 4 [Dkt. No. 24] (in answering Anadarko's First Amended Original complaint, BBX stated that, ". . . should it be determined that this Court has jurisdiction over the Complaint by Anadarko against BBX, ***BBX consents to entry of final orders***.") (emphasis added). These claims in the prior adversary proceeding are the very same claims that have been incorporated into the Amended Complaint. *See* Amended Complaint, at ¶¶ 2, 84-89, 175-84 [Dkt. No. 12].

4. Finally, *all* of the Defendants have waived their right to a jury trial on all claims by asserting setoff as an affirmative defense in their Amended Answer. *See* Defendants' Amended Answer, at p. 9 [Dkt. No. 23]. As a result, the Defendants have asserted a claim against the estate and have invoked the equitable jurisdiction of this Court to adjust the debtor-creditor relationship, thereby waiving their rights to a jury trial. *See In re Commercial Fin. Services, Inc.*, 251 B.R. 397, 407-08 (Bankr. N.D. Okla. 2000) (holding that by asserting a setoff affirmative defense to a breach of contract claim, defendant effectively asserted a claim against the estate and therefore waived his right to a jury trial).

5. For the foregoing reasons and the reasons set forth in the Prior Filing, Plaintiff respectfully requests that this Court deny Defendants' jury demand in its entirety. Plaintiff can provide any additional briefing on any of the jury trial or core/non-core issues raised in Defendants' *Statement Regarding Jury Demand* as may be requested by the Court.

Dated April 23, 2018

Respectfully Submitted,

**SIDLEY AUSTIN LLP**

*/s/ Thomas A. Labuda*
Duston K. McFaul (Bar No. 24003309)
Thomas A. Labuda (*pro hac vice*)
1000 Louisiana Street, Suite 6000
Houston, TX 77002
Telephone: (713) 495-4500
Facsimile: (713) 495-7799
dmcfaul@sidley.com
tlabuda@sidley.com

*Counsel to the TRR Liquidating Trust*

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2018, a true and correct copy of the foregoing was served upon those parties receiving the Court's ECF e-mail notification and via electronic mail on counsel listed below:

Mark C. Taylor
Eric J. Taube
Mark.Taylor@wallerlaw.com
Eric.Taube@wallerlaw.com
Waller Lansden Dortch & Davis, LLP
100 Congress Avenue, 18th Floor
Austin, Texas 78701
(512) 685-6400

*Counsel for Matthew J. Telfer, BBX Operating, LLC, Kodiak Resources, Inc., Border to Border Exploration, LLC, Border to Border #1, LP, and John Gaines*

           */s/ Michael Fishel*
           Michael Fishel